■ NEWMAN, Circuit Judge,
concurs in the denial of the petition for initial hearing en banc.
DYK, Circuit Judge, with whom, PROST, Chief Judge, and HUGHES, Circuit Judge, join, concurs in the denial of the petition for initial hearing en banc.
O’MALLEY, Circuit Judge, dissents from the denial of the petition for initial hearing en banc.
REYNA,.Circuit Judge, dissents from the denial of the petition for initial hearing en,banc.
ON PETITION FOR HEARING EN banc
PER CURIAM.
ORDER
Appellant Cascades Projection LLC filed a petition for hearing en banc. A response to the petition was invited by the court and filed by appellees Epson America, Inc. and Sony Corporation. Appellant was also granted leave to file a reply in support of the petition.
The petition was referred to the circuit judges who are in regular active service.
Upon consideration thereof,
It Is Ordered That:
The petition for hearing en banc is denied.
Newman, Circuit Judge, concurring in the denial of initial hearing en banc.
There is no doubt that a patent is a property right, with the attributes of personal property. This was resolved in 35 U.S.C. § 261 (“Subject to the provisions of this title, patents shall have the attributes of personal property ... ”). There is, of course, a public interest in the innovation incentive of the patent law, see, e.g., Patlex Corp. v. Mossinghoff, 758 F.2d 594, 604 (Fed. Cir. 1985), but that does not convert a private right into a public right. That is not the question presented by the current debate concerning the America Invents Act.
Because “the attributes of personal property” enjoyed by patents are “[s]ub- *1311 ject to the provisions of this title,” the inquiry focuses on whether patent owners subject to post-grant procedures are afforded appropriate due process protections as the Patent Office ensures issued patents do indeed conform with the provisions of the Patent Act. The question, then, is whether the statutory scheme created by the America Invents Act, in which the Office is given an enlarged opportunity to correct its errors in granting a patent, with its decision subject to review by the Federal Circuit, meets the constitutional requirements of due process in disposition of property.
In view of the uncertainties illustrated in the present debate, I conclude that the matter should be resolved after full opportunity for panel consideration, and, as such, concur in the denial of initial en banc hearing. If necessary to properly resolve these uncertainties, however, resolution by the court en banc is appropriate.