# United States Court of Appeals for the Federal Circuit

---

**HONEYWELL INTERNATIONAL INC.,**
*Appellant*

**v.**

**ARKEMA INC., ARKEMA FRANCE,**
*Appellees*

---

2018-1151, 2018-1153

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. PGR2016-00011, PGR2016-00012.

---

Decided: October 1, 2019

---

JOHN C. O'QUINN, Kirkland & Ellis LLP, Washington, DC, argued for appellant. Also represented by GREGG LOCASCIO, WILLIAM H. BURGESS, NOAH SAMUEL FRANK, CALVIN ALEXANDER SHANK.

MARK J. FELDSTEIN, Finnegan, Washington, DC, argued for appellees. Also represented by ERIN SOMMERS, MARK D. SWEET.

---

Before NEWMAN, REYNA, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

Honeywell appeals from a pair of post-grant review proceedings involving a single Honeywell patent. Following institution, Honeywell sought authorization from the Board to file a motion for leave to petition the Patent and Trademark Office Director for a Certificate of Correction to correct the challenged patent. Honeywell sought to correct a mistake in the chain of priority listed on the face of the patent. The Board rejected Honeywell's request. Because we conclude that the Board abused its discretion in rejecting Honeywell's request for authorization to file a motion for leave, we vacate and remand.

BACKGROUND

I. The '017 Patent

Honeywell International Inc. ("Honeywell") owns U.S. Patent No. 9,157,017 ("the '017 patent"), which is directed to fluoroalkene compounds used in refrigeration systems and other applications. The '017 patent issued on October 13, 2015, and recites a chain of priority applications dating back to 2002, all of which were incorporated by reference into the '017 patent.

During prosecution of the '017 patent, Honeywell filed a preliminary amendment that cancelled all 20 claims recited in the original application and added 20 new claims directed to admittedly different subject matter: automobile air conditioning systems. In the proceedings below, Honeywell asserted for the first time that when it made the preliminary amendment, it inadvertently failed to make corresponding amendments to the list of priority applications. J.A. 156:10–13 (asserting an "inadvertent error in failing to make a claim of priority to [certain] sister chains of cases that we could have made at that time"). As a result, when the '017 patent issued, the list of priority applications listed on the face of the patent was materially the same as the initial application.

## II. Arkema's
### PGR2016-00012 and PGR2016-00011

Four months after the '017 patent issued, Arkema Inc. ("Arkema") filed two petitions for post-grant review ("PGR") of the '017 patent with the Patent Trial and Appeal Board ("Board") of the Patent and Trademark Office ("PTO"). Both petitions asserted that the priority applications listed on the face of the '017 patent did not provide written description support for the issued claims. As a result, Arkema argued, the claims of the '017 patent were only entitled to a priority date of March 26, 2014—the filing date of the application that led to the '017 patent—rather than the 2002 priority date that would result if the priority chain adequately supported the claims.

Based on that contention, Arkema argued that the '017 patent was eligible for PGR proceedings, which are available only for patents having at least one claim with an effective filing date on or after March 16, 2013. Arkema also presented several prior art references, including work by Honeywell's own inventors, dated from the period between 2002 and 2014.

According to Honeywell, it did not immediately realize that the alleged lack of written description support stemmed from a mistake in the priority chain. Instead, in its Preliminary Patent Owner Response to Arkema's petition, Honeywell argued that all claims of the '017 patent were entitled to a priority date at least as early as 2004 based on the priority chain listed on the patent. As a result, Honeywell claimed, the '017 patent was not eligible for PGR proceedings. The Board rejected Honeywell's argument and instituted both post-grant review proceedings.

Honeywell asserts that it realized the priority chain mistake when preparing its Patent Owner Response. Honeywell then requested permission to file a motion for leave to request a Certificate of Correction from the Director of the PTO ("Director") that would amend the priority chain

of the '017 patent. Honeywell explained that its proposed correction would include additional Honeywell patent applications in the priority chain that disclosed automotive air conditioning subject matter, and thus conferred a different priority benefit.

The Board held two telephonic conferences to discuss Honeywell's request. In response to questions from the Board, Honeywell conceded that the mistake was not a clerical or typographical error, but it argued that a Certificate of Correction is a permissible means for making "a change in the priority chain." J.A. 155:19–22. Honeywell also argued that this change was "minor" because it did not change the substance of the claims or the specification. J.A. 155:13–25. Finally, in response to the Board's questions about whether the change would satisfy the "good faith" requirement of 35 U.S.C. § 255, Honeywell explained that it learned of the incomplete priority chain for the first time after the Board issued its decision to institute. Honeywell asserts, and Arkema does not dispute, that Honeywell sought authorization from the Board to file its motion for leave "promptly upon discovering the mistake in the course of preparing its Patent Owner Responses." Appellant Br. 50–51. Honeywell sought authorization from the Board a little over a year after the '017 patent issued and less than three months after the Board instituted review.

Arkema, on the other hand, argued that the error was "not of a minor character and is not proper grounds for correction." J.A. 176:15–19. Arkema claimed that allowing Honeywell to correct this error would be "extremely prejudicial," because, among other things, Arkema's window to re-file a PGR with different prior art or different references had now closed. J.A. 162:4–165:5.

The Board rejected Honeywell's request for authorization to file a motion for leave, explaining:

> The panel has conferred and has determined at this juncture there has been a failure to show that [the]

requirements of 255 have been met. This is not a typographical or clerical error. It's been also failed [*sic*] to show that the minor character prong has been met. We do not need to reach the issue of whether there is a good faith effort here. Furthermore, we believe that to the extent of showing prejudice in this case, it would be improper to allow such a motion to be filed at this juncture, due to the prejudice that would arise to [Arkema].

J.A. 177:12–178:2.

After rejecting Honeywell's request, the proceedings continued until the Board issued a combined Final Written Decision on August 31, 2017. The Board held that claims 1–20 of the '017 patent were unpatentable.

Honeywell timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

Under the Administrative Procedure Act, we "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see In re Chapman*, 595 F.3d 1330, 1336–37 (Fed. Cir. 2010). The Board abuses its discretion if the decision: (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) involves a record that contains no evidence on which the Board could rationally base its decision. *Ultratec, Inc. v. CaptionCall, LLC*, 872 F.3d 1267, 1273 (Fed. Cir. 2017).

As a preliminary matter, we reject Arkema's assertion that the Board's decision is unreviewable under 5 U.S.C. § 701(a)(2) as agency action "committed to agency discretion by law." As we have held, § 701(a)(2) provides a "very narrow exception" to the presumption of judicial review, and is applicable only "in those rare instances where

'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Hyatt v. U.S. Patent & Trademark Office*, 797 F.3d 1374, 1379 (Fed. Cir. 2015). In *Ultratec*, we reviewed the Board's refusal to authorize the patent owner to file a motion during a post-grant proceeding. 872 F.3d at 1271–72. We are unpersuaded by Arkema's arguments that we lack the ability to review the Board's refusal to grant authorization in this case.

On the merits of Honeywell's appeal, we conclude that the Board abused its discretion by assuming the authority that 35 U.S.C. § 255 expressly delegates to the Director: to determine when a Certificate of Correction is appropriate.

Patentees may petition the Director to issue a Certificate of Correction to correct in an issued patent "a mistake of a clerical or typographical nature, or of minor character, which was not the fault of the Patent and Trademark Office." 35 U.S.C. § 255. The patentee must show that the mistake "occurred in good faith" and that "the correction does not involve such changes in the patent as would constitute new matter or would require re-examination." *Id.*

When a patentee seeks to correct a patent that is subject to a post-issuance review proceeding, the patentee must first file a motion with the Board seeking authorization to petition the Director for a Certificate of Correction, asking the Board to temporarily cede its exclusive jurisdiction over the proceedings. 37 C.F.R. § 1.323; Manual of Patent Examining Procedure ("MPEP") § 1485; *see also* 37 C.F.R. § 42.3(a). Before doing so, the patentee must seek authorization from the Board to file the motion for leave—as is the case with all motions filed with the Board. 37 C.F.R. § 42.20(b) ("A motion will not be entered without Board authorization.").

In other words, a patent owner subject to a post-issuance review proceeding must take three steps in order to file a petition for a Certificate of Correction: (1) seek authorization from the Board to file a motion, 37 C.F.R.

§ 42.20(b); (2) if authorization is granted, file a motion with the Board, asking the Board to cede its exclusive jurisdiction so that the patentee can seek a Certificate of Correction from the Director, 37 C.F.R. § 1.323; MPEP § 1485; and (3) if the motion is granted, petition the Director for a Certificate of Correction under 35 U.S.C. § 255. *E.g.*, *Plastic Dev. Grp., LLC v. Maxchief Investments, Ltd.*, No. IPR2017-00846, Paper No. 16 at 2 (P.T.A.B. Nov. 13, 2017). After those three steps are completed, the Director—not the Board—will evaluate the merits of the patentee's petition, including whether the mistake is of "minor character" or "occurred in good faith." *See* 35 U.S.C. § 255.

Section 255 does not grant the Board authority to determine whether a mistake in an issued patent is of "minor character" or "occurred in good faith." 35 U.S.C. § 255. That authority is expressly granted to the Director. *Id.* The Director has not delegated its Section 255 authority to the Board, but has instead promulgated procedures by which patentees may seek the Board's leave to petition the Director for a Certificate of Correction. 37 C.F.R. § 1.323; MPEP § 1485.

The Board has previously recognized that § 255 authorizes the Director—not the Board—to determine whether a Certificate of Correction should be issued. *E.g.*, *Plastic Dev. Grp.*, Paper No. 16 at 2 ("We leave the final determination on whether a Certificate of Correction should be issued with the Director in accordance with the authority granted in 35 U.S.C. § 255."). The Board has likewise recognized that its review of a patentee's motion for leave to seek a Certificate of Correction from the Director does not involve a decision about the merits of the patentee's petition. *E.g.*, *United Servs. Auto. Ass'n v. Asghari-Kamrani*, No. CBM2016-00063, Paper No. 10 at 6 (P.T.A.B. August 4, 2016) ("*USAA*"). In *USAA*, the Board explained:

> [I]n the instant Decision, we are not deciding whether a request for a Certificate of Correction

> should be granted pursuant to 35 U.S.C. § 255, as Patent Owner merely is seeking *authorization for filing such a request.* Moreover, we are not the deciding official for a request for a Certificate of Correction.

*Id.*

Instead, the Board has previously reviewed motions for leave to seek a Certificate of Correction from the Director to "determine whether there is *sufficient basis* supporting Patent Owner's position that the mistake *may* be correctable." *Plastic Dev. Grp.*, Paper No. 16 at 2 (emphasis added). We hold that this standard of review is appropriate and consistent with 35 U.S.C. § 255, the relevant Board regulations, *e.g.*, 37 C.F.R. §§ 1.323, 42.20(b), 42.3(a); MPEP § 1485, and Congress's intent that the post-issuance proceedings created under the America Invents Act provide the PTO with an "enlarged opportunity to correct its errors in granting a patent." *Cascades Projection LLC v. Epson Am., Inc.,* 864 F.3d 1309, 1311 (Fed. Cir. 2017).

But in this case, the Board did not review Honeywell's motion for leave to seek a Certificate of Correction from the Director to determine if Honeywell had demonstrated a "sufficient basis" that the mistake "may" be correctable. Instead, the Board prohibited Honeywell from even filing a motion for leave. The Board refused to authorize Honeywell to file a motion for leave because "at this juncture there has been a failure to show that [the] requirements of 255 have been met." J.A. 177:12–15. Specifically, the Board determined that—based solely on the two telephonic hearings—Honeywell "failed to show that the minor character prong has been met." J.A. 177:17–19. The Board also explained that "it would be improper to allow such a motion to be filed at this juncture, due to the prejudice that would arise to [Arkema]." J.A. 177:22–178:2.

By requiring that Honeywell "show that [the] requirements of 255 have been met" before authorizing Honeywell

to file a motion for leave to seek a Certificate of Correction from the Director, the Board abused its discretion. The Board further abused its discretion by assuming the authority that § 255 delegates to the Director and deciding the merits of Honeywell's petition for a Certificate of Correction.

As we held in *Ultratec*, the Board's abuse of discretion precipitated additional problems. 872 F.3d at 1273. First, by evaluating the merits of Honeywell's § 255 request when Honeywell was merely requesting authorization to file a motion for leave to petition the Director, the Board "lacked the information necessary to make a reasoned decision." *Id.* At that stage, the Board had not seen the language of Honeywell's proposed correction to the priority chain language of the '017 patent. Nor had the Board seen any evidence of whether the mistake was inadvertent and made in good faith or whether the correction prejudiced Arkema.

The Board also failed to provide an explanation or a reasoned basis for its decision. *Ultratec*, 872 F.3d at 1273 (citing *Motor Vehicle Mfs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.")). The Board provided no explanation for its conclusion that Honeywell "failed to show that the minor character prong has been met" or its conclusion that prejudice to Arkema required denial of Honeywell's request to file a motion. JA 177:17–178:6. This failure impedes our meaningful review on appeal. *Ultratec*, 872 F.3d at 1274 ("For judicial review to be meaningfully achieved within these strictures, the agency tribunal must present a full and reasoned explanation of its decision.").

We find nothing in the record, or in the Board's conclusory decision, that warrants denying Honeywell's request to file a motion for leave to petition the Director for a

Certificate of Correction correcting the priority chain of the '017 patent. Indeed, as Honeywell notes, the PTO has previously allowed patentees to correct priority claims through Certificates of Correction. *Carotek, Inc. v. Kobayashi Ventures, LLC.*, 875 F. Supp. 2d 313, 331 (S.D.N.Y. 2012) ("If a patent is issued and contains a mistake, such as failing to claim priority to an appropriate earlier-filed patent, regardless of whose fault the mistake is, it may be corrected by petitioning the PTO for a Certificate of Correction."); *B. Braun Melsungen AG v. Becton, Dickinson & Co.*, No. 1:16-cv-411, 2017 WL 2531939, at *4 (D. Del. June 9, 2017) ("There is substantial case law supporting Plaintiffs' position that the PTO has a longstanding practice of correcting priority claims through certificates of correction."). The Board never addresses this prior practice, nor does it explain why Honeywell's request is different.

We also express doubt over Arkema's assertion that Honeywell knew about the mistake in priority for at least nine months but, to obtain a strategic advantage, declined to pursue correction of the mistake. It is unclear how Honeywell would benefit from intentionally delaying its petition to the Director. Because the Board improperly refused Honeywell the opportunity to file a motion for leave (and Arkema the opportunity to file a response), and then failed to explain its conclusion that a motion for leave would be improper "due to the prejudice that would arise to Petitioner," J.A. 177:17–178:6, we are unable to meaningfully review the parties' prejudice arguments.

CONCLUSION

We have considered Arkema's other arguments and find them unpersuasive. We conclude that the Board erred by rejecting Honeywell's request to file a motion for leave to petition the Director for a Certificate of Correction based on Honeywell's failure to "show that [the] requirements of 255 have been met." We vacate the Board's final written decision and remand to the Board. On remand, the Board

should authorize Honeywell to file a motion seeking leave to petition the Director for a Certificate of Correction. The Board should then review Honeywell's motion for leave in accordance with 37 C.F.R. § 1.323 and MPEP § 1485, including to evaluate whether prejudice to Arkema requires accommodation.

## VACATED AND REMANDED

### COSTS

No costs.